UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

JOHNNY TIPPINS,

        Plaintiff,                     Case No. 2:18-cv-69

v.                                          Honorable Janet T. Neff

HEIDI WASHINGTON et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez,* 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Washington and Bauman. The Court will serve the complaint against Defendants Immel, Scheam, Chamberlin, and Sprader.

## Discussion

### I. Factual allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Alger Correctional Facility (LMF) in Munising, Alger County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues MDOC Director Heidi Washington, Warden Catherine Bauman, Deputy Warden Anthony Immel, Resident Unit Manager G. Scheam, Prison Counselor K. Chamberlin, and Deputy Warden Scott Sprader.

Plaintiff alleges that prior to his transfer to LMF from the Chippewa Correctional Facility (URF), he had sought protection at URF because the victim in Plaintiff's criminal case had family at URF and had put a hit out on Plaintiff. On February 28, 2018, he submitted a request for protection to LMF Unit Supervisor Salo because his need for protection continued after his placement at LMF. Plaintiff was placed in protective segregation.

Plaintiff met with Defendant Chamberlin on March 5, 2018. Defendant Chamberlin asked Plaintiff about his need for protection, and Plaintiff stated that he wanted to be transferred to a safe prison. Defendant Chamberlin stated that he was going to investigate. On March 9, 2018, Corrections Officer Sabin ordered Plaintiff to pack up his property and move to Cedar Unit. After Plaintiff refused, Defendant Sabin wrote Plaintiff a misconduct ticket for disobeying a direct order. On March 15, 2018, Defendant Chamberlin gave Plaintiff a copy of the February 28, 2018 protection request report, which showed that Defendants Scheam, Immel, and Chamberlin concluded, "No need for protection is required at this time per this investigation and the prisoner's own statements. Prisoner is willing to be housed in General Population Re-integration at LMF as soon as bed space becomes available in full accordance with LMF OP 04.05.120-D." Plaintiff asserts that this statement is completely untrue. Plaintiff wrote grievances regarding this issue.

Plaintiff continued to refuse to go to the general population and continued to receive misconduct tickets as a result.

Plaintiff alleges that in June, he was seen by the Security Classification Committee (SCC) and Defendant Sprader. Defendant Sprader advised Plaintiff that he was not going to transfer him to another facility. Therefore, Plaintiff continued his placement in administrative segregation because of the continued threat to his safety from other prisoners at LMF. Plaintiff seeks damages and injunctive relief in the form of an immediate transfer.

## II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P.

8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(*i*)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff fails to make specific factual allegations against Defendants Washington and Bauman, other than his claim that they failed to conduct an investigation in response to his grievances. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the

official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendants Washington and Bauman engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

Plaintiff claims that Defendants Immel, Scheam, Chamberlin, and Sprader all refused to provide him with protective custody and punished Plaintiff for refusing to place himself in danger in the general population by writing misconduct tickets on him. Plaintiff also states that these individuals lied on the protection request report by stating that Plaintiff was willing to go to the General Population and did not need protection. The Court concludes that these claims are not clearly frivolous and may not be dismissed on initial review.

As noted above, Plaintiff requests injunctive relief in the form of an immediate transfer. However, Plaintiff has failed to establish that he will suffer irreparable harm absent injunctive relief. At the current time, Plaintiff is confined in administrative segregation and is not in danger of being assaulted. Therefore, Plaintiff's request for immediate injunctive relief is denied.

### III. Pending motions

Plaintiff filed a motion seeking a copy of his original complaint. Plaintiff's request for a copy of the complaint is unnecessary because Plaintiff will be provided with a copy as a matter of course pursuant to the accompanying order for partial service. Therefore, Plaintiff's motion for a copy of his complaint (ECF No. 4) is **DENIED**. In addition, Plaintiff's objection to the order denying appointment of counsel (ECF No. 11) is **DENIED** for the reasons set forth in the August 3, 2018, order denying counsel (ECF No. 10).

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Washington and Bauman will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Immel, Scheam, Chamberlin, and Sprader.

An order consistent with this opinion will be entered.

Dated:   September 25, 2018         /s/ Janet T. Neff
                                    Janet T. Neff
                                    United States District Judge