UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHNNY TIPPINS #342855,

    Plaintiff,

v.                                                       Case No. 2:18-cv-69
                                                        HON.  JANET T. NEFF

ANTHONY IMMEL, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

        This is a civil rights action brought by state prisoner Johnny Tippins pursuant to 42 U.S.C. § 1983.  Plaintiff filed a motion seeking an immediate transfer to a new prison facility, (ECF No. 17), a motion requesting an evidentiary hearing on his motion for an immediate transfer, (ECF No. 24), and a motion seeking an injunction and/or temporary restraining order, (ECF No. 40). For the reasons stated below, the undersigned recommends that the Court deny Plaintiffs' motions.

        In its screening opinion, the Court summarized the allegations in Plaintiff's complaint:

> Plaintiff alleges that prior to his transfer to LMF from the Chippewa Correctional Facility (URF), he had sought protection at URF because the victim in Plaintiff's criminal case had family at URF and had put a hit out on Plaintiff. On February 28, 2018, he submitted a request for protection to LMF Unit Supervisor Salo because his need for protection continued after his placement at LMF. Plaintiff was placed in protective segregation. Plaintiff met with Defendant Chamberlin on March 5, 2018. Defendant Chamberlin asked Plaintiff about his need for protection, and Plaintiff stated that he wanted to be transferred to a safe prison. Defendant Chamberlin stated that he was going to investigate. On March 9, 2018, Corrections Officer Sabin ordered Plaintiff to pack up his property and move to Cedar Unit. After Plaintiff refused,

> Defendant Sabin wrote Plaintiff a misconduct ticket for disobeying a direct order. On March 15, 2018, Defendant Chamberlin gave Plaintiff a copy of the February 28, 2018 protection request report, which showed that Defendants Scheam, Immel, and Chamberlin concluded, "No need for protection is required at this time per this investigation and the prisoner's own statements. Prisoner is willing to be housed in General Population Re-integration at LMF as soon as bed space becomes available in full accordance with LMF OP 04.05.120-D." Plaintiff asserts that this statement is completely untrue. Plaintiff wrote grievances regarding this issue. Plaintiff continued to refuse to go to the general population and continued to receive misconduct tickets as a result.
>
> Plaintiff alleges that in June, he was seen by the Security Classification Committee (SCC) and Defendant Sprader. Defendant Sprader advised Plaintiff that he was not going to transfer him to another facility. Therefore, Plaintiff continued his placement in administrative segregation because of the continued threat to his safety from other prisoners at LMF. Plaintiff seeks damages and injunctive relief in the form of an immediate transfer.

(ECF No. 15, PageID.80-81.) As of now, Plaintiff remains in administrative segregation because he continues to fear for his safety in general population. Because he refuses to return to general population, he has received three misconducts for disobeying direct orders. Plaintiff seeks an order for a transfer to a different prison facility and an order prohibiting the MDOC from issuing any additional misconducts against him.

Injunctive relief is "an extraordinary remedy which should be granted only if . . . the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). The issuance of such relief is committed to the discretion of the district court. *Planned Parenthood Ass'n v. City of Cincinnati*, 822 F.2d 1390, 1393 (6th Cir. 1987). In exercising that discretion, the court must consider and balance four factors:

1. Whether the movant has shown a strong or substantial likelihood or probability of success on the merits.

2. Whether the movant has shown irreparable injury.

> 3. Whether the preliminary injunction could harm third parties.
>
> 4. Whether the public interest would be served by issuing a preliminary injunction.

*Washington v. Reno*, 35 F.3d 1093 (6th Cir. 1994).  These factors are not prerequisites to the grant or denial of injunctive relief, but factors that must be carefully balanced by the district court in exercising its equitable powers.  *Id.* Moreover, where a prison inmate seeks an order enjoining state prison officials, the court is required to proceed with the utmost care and must recognize the unique nature of the prison setting.  *See Kendrick v. Bland*, 740 F.2d 432 at 438, n.3, (6th Cir. 1984).  *See also Harris v. Wilters*, 596 F.2d 678 (5th Cir. 1979).  It has also been remarked that a party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances.  *See Checker Motors Corp. v. Chrysler Corp.*, 405 F.2d 319 (2d Cir. 1969), *cert. denied*, 394 U.S. 999 (1969).  *See also O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1986).

In the opinion of the undersigned, Plaintiff has failed to make the requisite showing in this case. As to the first factor, Plaintiff has not demonstrated a likelihood of success on the merits. Plaintiff refuses to leave administrative segregation because he fears for his safety. But, as Defendants correctly point out, Plaintiff has been unable to offer any specifics regarding the alleged threats against him. Moreover, Defendants have investigated the alleged threat and have been unable to verify any threat against Plaintiff. Similarly, as to the second factor, Plaintiff has not shown that he faces any irreparable injury because he has not shown that he is subjected to any verifiable threat.

As to the third and fourth factors, in the context of a motion impacting on matters of prison administration, the interests of identifiable third parties and the public at large weigh against the granting of an injunction. Any interference by the federal courts in the administration

of state prison matters is necessarily disruptive. The public welfare therefore militates against the issuance of extraordinary relief in the prison context, absent a sufficient showing of a violation of constitutional rights. *See Glover v. Johnson*, 855 F.2d 277, 286-87 (6th Cir. 1988). That showing has not been made here.

Because Plaintiff has failed to meet the heavy burden establishing the need for injunctive relief, the undersigned recommends that Plaintiff's motions (ECF Nos. 17, 24, and 40) be denied.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated: March 4, 2019

           /s/ Timothy P. Greeley
          TIMOTHY P. GREELEY
          UNITED STATES MAGISTRATE JUDGE