UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHNNY TIPPINS,

    Plaintiff,

v.

HEIDI WASHINGTON, et al.,

    Defendants.
_____/

Case No. 2:18-cv-69

HON. JANET T. NEFF

## OPINION AND ORDER

On May 15, 2018, Plaintiff initiated this prisoner civil rights action pursuant to 42 U.S.C. § 1983. He subsequently filed motions to transfer to a new facility and for injunctive relief (ECF Nos. 17, 24 & 40). On March 4, 2019, the Magistrate Judge issued a Report and Recommendation (R&R), recommending that this Court deny the motions. Additionally, Plaintiff filed several non-dispositive motions (ECF Nos. 19, 23, 30, 37, 45 & 48), which the Magistrate Judge denied in an Order also issued on March 4, 2019 (ECF No. 52). Now pending before the Court are Plaintiff's Objections to the Report and Recommendation (ECF No. 59) and his appeal from the Magistrate Judge's Order (ECF No. 61). Defendants did not file any response to either Plaintiff's objections or his appeal. For the following reasons, the Court denies Plaintiff's objection and denies his appeal.

**Plaintiff's Objections to the Magistrate Judge's Report and Recommendation**

Plaintiff presents three objections to the Magistrate Judge's Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1)(A) and W.D. Mich. LCivR 72.3(b), the Court has

performed de novo consideration of those portions of the Report and Recommendation to which objections have been made.

First, Plaintiff argues that the Magistrate Judge erred in determining that he had not demonstrated "a strong likelihood of success on the merits," the first factor in the multi-factor test for injunctive relief (Objs., ECF No. 59 at PageID.287). According to Plaintiff, "these Defendants clearly recognize the specific threat to Mr. Tippins described in the kite and disregarded the risk to Plaintiff's safety" (*id.*). However, as the Magistrate Judge pointed out, Plaintiff was unable to offer any specifics regarding the alleged threats against him, and Defendants were unable to verify the alleged threats during their investigation (R&R, ECF No. 53 at PageID.269). Plaintiff's mere assertion to the contrary does not demonstrate any factual or legal error in the Magistrate Judge's analysis. Therefore, his first objection is denied.

Second, Plaintiff argues that the Magistrate Judge erred in determining that he had not demonstrated any "irreparable injury" (Objs., ECF No. 59 at PageID.288-290). Plaintiff opines that "he has shown that he faces irreparable injury if he had to stay at Alger Correctional Facility because of the longstanding [sic] of violence at the prison and the fact that inmates are aware of the hit that was taken out on him" (*id.* at PageID.290). Again, Plaintiff's mere assertion reveals no factual or legal error in the Magistrate Judge's determination that Plaintiff has not shown that he is subjected to any *verifiable* threat. Therefore, his second objection is also denied.

Third, Plaintiff argues that the Magistrate Judge erred in weighing the third and fourth factors against issuing injunctive relief (Objs., ECF No. 59 at PageID.291-293). According to Plaintiff, "[t]he interference by this federal district court in administration of this state prison matter is not necessary [sic] disruptive" (*id.* at PageID.291). Plaintiff argues that "Defendants had shown that they will continue to disregard an objectively intolerable risk of harm and has

2

demonstrated the continuance of that disregard during the remainder of the litigation and into the future" (*id.* at PageID.292). The Magistrate Judge properly pointed out that absent a sufficient showing of a violation of constitutional rights, public welfare militates against the issuance of extraordinary relief in the prison context (R&R, ECF No. 53 at PageID.270, citing *Glover v. Johnson*, 855 F.2d 277, 286-87 (6th Cir. 1988)). Plaintiff's mere assertion to the contrary does not reveal any error in the Magistrate Judge's determination that the necessarily high showing has not been made in this case. Therefore, Plaintiff's third objection is denied. Accordingly, the Court will adopt the Report and Recommendation as the Opinion of the Court.

**Plaintiff's Appeal from the Magistrate Judge's Order**

In his March 4, 2019 Order (ECF No. 52), the Magistrate Judge resolved six non-dispositive motions filed by Plaintiff (ECF Nos. 19, 23, 30, 37, 45 & 48). In his appeal from the Order, Plaintiff challenges the Magistrate Judge's denial of only three of the six motions (ECF Nos. 30, 45 & 48).

First, on November 28, 2018, Plaintiff moved for leave to depose Defendants (ECF No. 30). The Magistrate Judge denied the motion, determining that Plaintiff was not required to seek leave to depose Defendants (ECF No. 52 at PageID.265). In his appeal from the Magistrate Judge's Order, Plaintiff does not assert any error by the Magistrate Judge but points out that "[i]f Mr. Tippins is only required to submit Notices, which he has, the docket entries has yet to identify the Notice" (ECF No. 61 at PageID.328). The Court observes that the docket includes entries reflecting Plaintiff's Notice of Deposition (ECF No. 57), Certificate of Service of Notice of Deposition (ECF No. 70), and supplement regarding notice of deposition (ECF No. 73). Plaintiff's appeal from this portion of the Magistrate Judge's Order is denied.

Next, on February 13, 2019, Plaintiff moved to compel certain discovery from Defendants (ECF No. 45). The Magistrate Judge determined the discovery had been provided and that Plaintiff's discovery request was therefore properly denied as moot (ECF No. 52 at PageID.265). In his appeal, Plaintiff delineates five documents, six admissions and six interrogatories that he contends remain outstanding (ECF No. 61 at PageID.325-326). However, as pointed out by the Magistrate Judge, the docket includes entries reflecting Defendants served their responses to Plaintiff's discovery requests on February 7 and 21, 2019 (ECF Nos. 43 & 50). Plaintiff therefore fails to demonstrate that the Magistrate Judge's resolution of his motion is either clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A). To the extent Plaintiff is attempting to challenge the sufficiency of the discovery he received, Plaintiff's argument also fails to demonstrate any error where Plaintiff has failed to submit or sufficiently describe the discovery requests in dispute. *See* W.D. Mich. LCivR 7.1(b) (requiring that all discovery motions "shall set forth verbatim, or have attached, the relevant discovery request and answer or objection").

Third, on February 14, 2019, Plaintiff moved for leave to allow "additional interrogatories" (ECF No. 48 at PageID.250). The Magistrate Judge denied the request because Defendant failed to explain why he needed additional interrogatories (ECF No. 52 at PageID.266). In his appeal, Plaintiff does not dispute that his motion failed to supply any basis for his request. Plaintiff therefore again fails to demonstrate that the Magistrate Judge's resolution of his motion is either clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A). Further, to the extent Plaintiff asserts that he needs to "rephrase" certain interrogatories (ECF No. 61 at PageID.327), it appears that Plaintiff served such rephrased interrogatories on Defendants on March 11, 2019 (Certificate of Service, ECF No. 62). In sum, Plaintiff's appeal is denied.

Therefore:

**IT IS HEREBY ORDERED** that Plaintiff's Objections (ECF No. 59) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 53) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Motion Seeking Transfer (ECF No. 17) is DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that Plaintiff's Motion Requesting Evidentiary Hearing on Motion Seeking Transfer (ECF No. 24) is DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that Plaintiff's Motion Seeking Injunction and/or Temporary Restraining Order (ECF No. 40) is DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that Plaintiff's appeal from the Magistrate Judge's Order (ECF No. 61) is DENIED.

**IT IS FURTHER ORDERED** that this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.

Dated: April 12, 2019                  /s/ Janet T. Neff
                                                               JANET T. NEFF
                                                               United States District Judge