UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHNNY TIPPINS #342855,

    Plaintiff,

v.

ANTHONY IMMEL, et al.,

    Defendants.

_____/

Case No. 2:18-cv-00069

Hon. Janet T. Neff
U.S. District Judge

## REPORT AND RECOMMENDATION

    This is a civil rights action brought by state prisoner Johnny Tippins pursuant to 42 U.S.C. § 1983. Plaintiff filed a "Motion to Compel the Court to Issue Order Restraining Defendants From Transferring Plaintiff to State Facility That Does Not Meet Tippins Needs[.]" (ECF No. 77.) Plaintiff also filed two supplements. (ECF Nos. 78, 83.) Defendants then filed a response (ECF No. 98), and Plaintiff filed a reply. (ECF No. 104.) For the reasons stated below, the undersigned recommends that the Court DENY Plaintiff's motion.

### Injunctive Relief Standard

    Preliminary injunctions are "one of the most drastic tools in the arsenal of judicial remedies." *Bonnell v. Lorenzo*, 241 F.3d 800, 808 (6th Cir. 2001) (quoting *Hanson Trust PLC v. ML SCM Acquisition Inc.*, 781 F.2d 264, 273 (2d Cir. 1986)). The issuance of preliminary injunctive relief is committed to the discretion of the district court. *Ne. Ohio Coal. v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006); *Nader v. Blackwell*, 230 F.3d 833, 834 (6th Cir. 2000).  In exercising that discretion, a court

must consider whether plaintiff has established the following elements: (1) a strong or substantial likelihood of success on the merits; (2) the likelihood of irreparable injury if the preliminary injunction does not issue; (3) the absence of harm to other parties; and (4) the protection of the public interest by issuance of the injunction. *Id.* These factors are not prerequisites to the grant or denial of injunctive relief, but factors that must be "carefully balanced" by the district court in exercising its equitable powers. *Frisch's Rest., Inc. v. Shoney's, Inc.*, 759 F.2d 1261, 1263 (6th Cir. 1985); *Ne. Ohio Coal.*, 467 F.3d at 1009.

In addition, where a prison inmate seeks an order enjoining state prison officials, the court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *Glover v. Johnson*, 855 F.2d 277, 284 (6th Cir. 1988); *Kendrick v. Bland*, 740 F.2d 432, 438 n.3 (6th Cir. 1984). "The federal courts do not sit to supervise state prisons, the administration of which is acute interest to the States." *Meachum v. Fano*, 427 U.S. 215, 229 (1976). The party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances. *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002); *Stenberg v. Cheker Oil Co.*, 573 F.2d 921, 925 (6th Cir. 1978).

## Discussion

Initially, Plaintiff's motion appears to be moot because he originally sought an order preventing him from being transferred from the Alger Correctional Facility (LMF) to the Oaks Correctional Facility (ECF). Plaintiff has already been transferred

and is currently housed at ECF. Nonetheless, the undersigned will consider Plaintiff's motion and the supplements as a motion seeking a transfer from ECF.

Plaintiff's "initial burden" in demonstrating entitlement to preliminary injunctive relief is a showing of a strong or substantial likelihood of success on the merits of his Section 1983 action. *NAACP v. City of Mansfield, Ohio*, 866 F.2d 162, 167 (6th Cir. 1989). Here, Plaintiff previously filed several motions seeking prison transfers from LMF. (ECF Nos. 1, 17, 20, 24, 40.) The Court has denied the motions, finding in part that Plaintiff has no made a showing of strong or substantial likelihood of success on the merits. (ECF Nos. 53, 75.) In his new motion and supplements, Plaintiff again fails to show a strong or substantial likelihood of success on the merits.

Next, a plaintiff's harm from the denial of a preliminary injunction is irreparable only if it is not fully compensable by monetary damages. *Overstreet*, 305 F.3d at 578. Plaintiff has failed to assert sufficient facts that establish that he will suffer irreparable harm in the absence of an injunction. Instead, Plaintiff states that "it is believed" that "prisoner Al" was transferred to ECF and "it is only a matter of time" until Plaintiff is assaulted. Plaintiff does not offer any support to his vague allegation.

In addition, a party seeking a preliminary injunction must show a relationship between the irreparable injury claimed in the motion and the claims pending in his complaint. *Colvin v. Caruso,* 605 F.3d 282, 299-300 (6th Cir. 2010). A motion for preliminary injunction is not the means by which a plaintiff already in court on one claim can seek redress for all other conditions of confinement that he finds actionable.

3

Simply put, a plaintiff is not entitled to a preliminary injunction on claims not pending in the complaint. *Ball v. Famiglio,* 396 F. App'x 836, 837 (3d Cir. 2010). In this case, Plaintiff argues in part that he cannot receive the necessary medical treatment at ECF. This allegation is wholly unrelated to the failure to protect and retaliation claims that he asserts in this case.

Finally, in the context of a motion impacting on matters of prison administration, the interests of identifiable third parties and the public at large weigh against the granting of an injunction. Any interference by the federal courts in the administration of state prison matters is necessarily disruptive. The public welfare therefore militates against the issuance of extraordinary relief in the prison context, absent a sufficient showing of a violation of constitutional rights. *Glover v. Johnson*, 855 F.2d 277, 286-87 (6th Cir. 1988). That showing has not been made here.

## Recommendation

Accordingly, the undersigned recommends that Plaintiff's motion (ECF No. 77) be DENIED.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:  May 30, 2019                         /s/ *Maarten Vermaat*
                                             Maarten Vermaat
                                             U.S. MAGISTRATE JUDGE