UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

FILED - MQ
December 2, 2019 11:18 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: mlc SCANNED BY:
12-4-19

JOHNNY TIPPINS, #342855
    Plaintiff,

-vs-

ANTHONY IMMEL, et.al.,
    Defendants.

Case No. 18-cv-69
Hon. JANET T. NEFF
MAG. MAARTEN VERMAAT

## PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff Johnny Tippins, informa pauperis, presents these objections to the Magistrate Judge's November 20, 2019 Report and Recommendation, granting Defendants' Summary Judgment and denying Plaintiff's Rule 56(d) Motion and Declaration Explaining Need for Additional Discovery and Mr. Tippins' Motion for Declaratory Judgment. (See ECF Nos. 140, 142, and 150)

These objections to the Report and Recommendation are filed within the respectful fourteen (14) days of receipt of the Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. Pro. 72(b); W.D. Mich. L. Civ. R. 72.3(b).

For these reasons, Plaintiff Johnny Tippins objects in the following manner:

Objection #1 at pg 6 of the Report and Recommendation

"In his second declaration, Tippins explains that he needs more time for discovery so he can obtain the following documents (1) a 2017 Critical Incident Report from an incident that occurred in "Pine Unit" involving other prisoners; (2) an e-mail from Defendant Immel to Defendant Chamberlin; and (3) Master Count Sheets from URF. These issues were raised by Tippins in a motion to compel (ECF No. 127) and the Court recently denied this motion. Thus, Tippins does not need time to obtain this additional discovery.

Plaintiff's Objection statement

On November 15, 2019, Magistrate Judge had issued an order denying Mr. Tippins motion to compel addressing concerns mentioned above. Recently, Plaintiff has submitted a "Notice to Appeal the Magistrate Judge's Decision to District Judge on or around November 25, 2019. In Plaintiff's declarations (one and two) Mr. Tippins explains the for the need of additional discovery to obtain the 2017 Critical Incident Report, being that other prisoners in that matter had requested for protection and LMF employees failed to provide the needed protection. Which the failure resulted in a homicide. Plaintiff makes the argument that LMF has a policy or custom for refusing to provide African-Americans at LMF protection in any given situation. The Critical Incident Report is sought to explore similarity to the present matter.

The e-mail mentioned in Defendant Chamberlin's first interrogatories regarding Mr. Tippins' protection request. Plaintiff seeks to obtain the electronic information to determine the discussion between Defendants regarding this matter.

2

Because allegations of spoliation of the OTIS screenshot sheets, Mr. Tippins wishes to explore the possibility that Defendants had plan to deny him the needed protection from the beginning. Being that the comment written at the bottom of the Protection Request form where SCC written No need for protection at this time per investigation and statement by Prisoner.... (emphasis added) "Prisoner is willing to be housed in general population"... (emphasis added) which Plaintiff claims those statement are not true.

Further, the master count sheets are requested to explore and discovery the number of individual inmates with the last name Raymond who was incarcerated at URF on February 1, 2018 because Defendant Chamberlin's no prisoner with the last name Raymond was incarcerated at URF on February 1, 2018 that caused Mr. Tippins to be transferred to LMF from URF. Defendants has made it impossible for Plaintiff to proper oppose their summary judgment motion.

In the Magistrate Judge's R and R at pg 8 it was stated, "the undersigned does not need to address whether Tippins satisfied the objective prong because he failed to meet the subjective prong. Whereas the objective component, an inmate must show that he was "incarcerated under conditions posing a ~~█~~ substantial risk of serious harm. Farmer, 511 U.S. at 834. Mr. Tippins argues Defendants withheld information by deleting inmates with the last name Raymond from OTIS database, preventing Plaintiff from establishing his objective prong that the victim in his homicide conviction case has a

relative at URF name "Ray-Ray" (Raymond) that put a hit out on him for situation involving his relative. Within the discovery period all African-American inmates that bares the last name Raymond was removed from OTIS. In fact, Defendant Chamberlin provided an affidavit to the Court giving ~~an account~~ a detail account of his investigation. Defendant Chamberlin claimed that Thomas Raymond #452014 was found on the OTIS database but the screenshot sheet submitted by this Defendant did not acknowledge this particular prisoner. Nor was this prisoner Thomas Raymond #452014 identified in the unredacted OTIS screenshots submitted by this Plaintiff. Therefore, the Court should grant Mr. Tippins 56 Motion and deny Summary Judgment for Defendants.

Objection #2 at pg 6 of the Report and Recommendation

"Tippins also wishes to "explore the reason" why Defendant Chamberlin allegedly removed names from his OTIS search. This issue was raised by Tippins in his Motion for a Hearing on Spoliation of Evidence. (ECF No. 112). Again, the Court recently denied Tippins's motion because he failed to show that any evidence was destroyed or altered."

On November 15, 2019 Magistrate Judge erroneously made the determination that "Thomas Raymond #452014 ~~was~~ information was on the second page of OTIS screenshot because Magistrate Judge discovered Thomas Raymond #452014 on the

4

second page of OTIS screenshot sheets dated October 18, 2019. This information was not on OTIS during the months of discovery. Moreover, it is not known whether the information available on OTIS regarding prisoners last name Raymond are factual and legit. The Magistrate Judge had determine from the October 18, 2019 findings of Thomas Raymond #452014 was on OTIS, issued an order denying Plaintiff's request for a hearing on spoliation of evidence. Again, Plaintiff makes the argument that Defendant Chamberlin deleted all potential prisoners with the last name Raymond who was incarcerated at URF on February 1, 2018 in order not to provide Mr. Tippins with protection. The Court is asked to evaluate this matter properly and grant Mr. Tippins a hearing on spoliation of evidence.

Objection #3 at pg 6 of the Report and Recommendation

"Finally, Tippins states that he needs more time for discovery because Defendants did not properly respond to some of his discovery requests. But Tippins failed to properly raise any of these issues in a motion to compel and the deadline for filing motions to compel was July 5, 2019. (ECF No. 123) Accordingly, Tippins has failed to show that any additional discovery is needed in this case

Plaintiff's Objection Statement

Plaintiff was unable to obtain the copies of his Request for Production of Documents that in which was required to submit or verbatim language of the

5

request. With all do respect to the Court, Plaintiff recently found his copies of those request. And being that discovery is called the argument is made that a motion to compel was filed in January 2019. Where Magistrate Judge denied that motion because Mr. Tippins did not provide a copy or verbatim language of the request. This Court was addressed with this issue in a form of an appeal, April 12. 2019. If it so pleases the Court this particular objection is presented indicating reconsideration of the previous issue. Documents such as the statement made by Plaintiff at URF regarding protection on February 1. 2019 and the note slid under his cell door were all documents mentioned to Defendant Chamberlin and he failed to provide those documents during discovery. Where he claims that those documents can not be found. Without any of the material requested Mr. Tippins can not properly oppose Defendants Summary Judgment. The Court is asked to deny Defendants Summary Judgment grant Plaintiff additional discovery, if appropriate.

Objection #4 at pg 7 of the Report and Recommendation

"Here, the undersigned issued an order on May 14. 2019, extending the discovery deadline to July 10. 2019 and requiring that all dispositive motions be filed no later than 30 days after the discovery deadline. (ECF No. 100). Defendants complied with this order and filed their Motion for Summary Judgment before the deadline. Thus, Defendants' motion was not filed prematurely.

6

Plaintiff's Objection Statement

Mr. Tippins argues Defendants filed their Summary Judgment prematurely in terms of not providing Plaintiff with discovery material within the discovery phase. It is not the fact that Defendant did properly file dispositive motion within time provided by Court order. Speaking in terms of case law and Plaintiff ability to oppose Defendants Summary Judgment, the summary judgment was filed prematurely because all documents requested were not provided. The Sixth Circuit recognized this claim in Siggers v. Campbell, 652 F.3d 681 (6th Cir. 2011) where the Plaintiff was not provided discovery within the proper time, after the district court granted Defendants motions for Summary judgment the Sixth Circuit reversed and ask the district court to re-open discovery. More importantly, the fact that Mr. Tippins was unable to establish his claim because of OTIS deletions and Defendants failed to address these deletions in their response. Therefore the need for a hearing on spoliation of evidence is obvious and imminent. The Court is asked to deny Summary Judgment.

Objection #5 at pgs 9-10 of the Report and Recommendation

"Defendants adequately investigated this matter based on the limited information that Tippins provided. Defendant Chamberlin could not find an individual with the last name Raymond who was incarcerated at URF during the relevant time period. In the opinion of the undersigned, Defendants were not deliberately indifferent in investigating Tippins's allegations.

7

Plaintiff's Objection Statement

    Magistrate Judge erroneously found that Defendants adequately investigated this matter where the Court failed to acknowledge the deleted names from OTIS that Defendants failed to give an explanation. The fact that Thomas Raymond #452014 was among the deleted names removed from OTIS. The fact that Thomas Raymond #452014 name was not on the unredacted OTIS screenshots provided by Plaintiff which indicates that this particular individual inmate was removed/deleted along with other inmates names in bad faith to obstruct Plaintiff's ability to assert his claim. The name "Al" was given and Defendants did not investigate any of those claims. The actual investigation Defendants conducted, Plaintiff contends was illegal and default judgment should in fact be awarded and damages assessed in his favor. Plaintiff contends Defendants were deliberate indifferent in investigating his claims. Therefore, the Court is asked to deny summary judgment.

Objection #6 at pgs 10-11 of the Report and Recommendation

    "Because the undersigned finds, that there was no constitutional violation, Defendants are entitled to qualified immunity."

Plaintiff's Objection Statement

    Mr. Tippins the argument the facts alleged or shown makes out an Eighth Amendment constitutional violation. Defendants disregarded the fact that Plaintiff was transferred to LMF because "Ray-Ray"(Raymond) at URF

8

had plan for other inmates to attach Mr. Tippins. Mr. Tippins had got information that the same incident had followed him to LMF. Defendants did not investigate the claims occurred at LMF but instead the situation at URF. Defendants discovered that a (Raymond) Ray-Ray was incarcerated at URF on February 1. 2018 but removed those names and denied Plaintiff protection, Mr. Tippins claim. Defendant wrote false misconduct reports against Plaintiff in order for him to go back to Cedar where the threat existed. Now Defendants justify their actions by claiming," there was no inmates at URF on February 1. 2018 that has the last name Raymond. In reference to their claim, Defendants submitted a redacted altered OTIS screenshot that clearly demonstrates name deletions; without affording a legitimate reason for those deletions. The Magistrate Judge was in err not finding that there was a constitutional violation. Therefore the Court is ask to find Defendants violated Mr. Tippins constitutional rights and find Defendants are not entitled to qualified immunity.

Objection #7 at pg 11 of the Report and Recommendation

"Tippins's motion should be denied for several reasons. First, as described above, Tippins has failed to show that his Eighth Amendment rights were violated, and the undersigned respectfully recommends that the Court dismiss this case. Second, Tippins did not include this requested relief in his complaint. Third, Tippins is no longer incarcerated at LMF. Fourth, courts generally do not interfere with the hiring of prison employees because any interference by the federal courts in the administration of state prisons is necessarily disruptive."

Plaintiff's Objection Statement

Plaintiff has mentioned and established that Defendants did violate his Eighth Amendment right for failure to provide protection under the constitution and the Court is ask not to dismiss this case because Defendants did spoliate evidence. Moreover, according to the Magistrate Judge's November 15, 2019 order, as of October 18, 2019 the 5 deleted names Mr. Tippins had claim was removed are filled. Which again indicates spoliation within the discovery phase. When Plaintiff filed his original complaint, he was unaware that there was a homicide that in which occurred at LMF in 2017. Further, African-Americans inmates at LMF are treated differently from white inmates. Because Mr. Tippins is no longer at LMF does not excuse Defendants misconduct

for failure to provide African-American protection as provided to white inmates. This declaratory or judgment is requested and required because LMF employees and the administration does not handle protection requests from African-Americans appropriately. The motion filed by Plaintiff is a suggestion in order to assure transparency. Because there is no African-Americans employed at LMF. And there is a history of racial discrimination at LMF. The Court may not interfere with the hiring of prison employees but some type of resolution is needed to assure all americans including African decendants are ~~get~~ equally protected under the law of the constitution of the United States.

For these reasons, Plaintiff Johnny Tippins ask the Court to issue a declaratory judgment regarding protection at LMF or all MDOC facilities as it relates to all americans.

Respectfully submitted,

Johnny Tippins

MR. JOHNNY TIPPINS # 342855
Oaks Correctional Facility
1500 Cabertac Highway
Manistee, Michigan 49660

Dated: November 26, 2019

Mr. Johnny Lippins #342835
Oaks Correctional Facility
1500 Cabefae Highway
Manistee, Michigan 49660

United
229 First
Marque



Office of the Clerk
United States District Court
Office & Federal Building
P. Box 698
[Marqu]ette, Michigan
49855