UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHNNY TIPPINS,

    Plaintiff,

v.

HEIDI WASHINGTON, et al.,

    Defendants.
_____/

Case No. 2:18-cv-69

HON. JANET T. NEFF

## OPINION AND ORDER

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed numerous motions, and the Defendants remaining in this case—Defendants Chamberlin, Immel, Scheam, and Sprader—moved for summary judgment. The matter was referred to the Magistrate Judge who issued two Reports and Recommendations (R&R) regarding these motions. The Magistrate Judge recommends that the Court deny Plaintiff's motions and grant Defendants' Motion for Summary Judgment. Additionally, Plaintiff has filed an appeal from the Magistrate Judge's Order issued on November 15, 2019. The matter is presently before the Court on Plaintiff's objections to the Reports and Recommendations, Plaintiff's appeal, and Plaintiff's motions to supplement one set of objections and his appeal. Defendants filed responses to the latter set of objections and Plaintiff's appeal, and Plaintiff, albeit without leave, filed replies. The Court grants the motions to supplement, denies the objections, denies the appeal, and issues this Opinion and Order.

**I. Plaintiff's Objections**

In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Reports and Recommendations to which objections have been made. The Court denies the objections.

A. <u>Objections to May 30, 2019 Report and Recommendation</u> (ECF No. 108)

*Objection One.* Plaintiff argues that the "Magistrate Judge factually and or legally erred in its [sic] analysis by not considering Plaintiff's Reply Brief" regarding the likelihood-of-success-on-the-merits factor (ECF No. 109 at PageID.535). However, the Magistrate Judge did not exclude Plaintiff's Reply but expressly referenced the Reply in the Report and Recommendation (ECF No. 108 at PageID.529). Accordingly, Plaintiff's objection one is denied.

*Objection Two.* Next, Plaintiff argues that the Magistrate Judge erred in determining that Plaintiff failed to allege sufficient facts to establish irreparable harm (ECF No. 109 at PageID.541). Plaintiff concedes in his Objection that "[a]n 'objection' that does nothing more than disagree with a magistrate judge's determination, 'without explaining the source of the error,' is not considered a valid objection" (*id*. at PageID.534, citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). Here, Plaintiff merely disagrees with the Magistrate Judge's analysis of the irreparable harm in this case, without identifying any factual or legal error in the analysis. Objection two is therefore denied.

*Objection Three.* Third, "Plaintiff argues that the Magistrate Judge erred in [his] failure to consider his Reply Brief where Mr. Tippins addressed the fact that this issue regarding transfer is not moot" (ECF No. 109 at PageID.543). Again, the Magistrate Judge expressly ". . . consider[ed] Plaintiff's motion and the supplements . . ." (R&R, ECF No. 108 at PageID.531). Therefore, Plaintiff's third objection is denied.

*Objection Four.*  Plaintiff fails to state an objection under his caption "Objection #4" (ECF No. 109 at PageID.546).  Plaintiff does not identify any portion of the Report and Recommendation with which he disagrees, nor has Plaintiff demonstrated any factual or legal error in the Magistrate Judge's analysis.  Objection four is denied.

Accordingly, this Court adopts the Magistrate Judge's May 30, 2019 Report and Recommendation (ECF No. 108) as the Opinion of this Court.

B.  Objections to November 20, 2019 Report and Recommendation (ECF No. 155)

*Objection One.*  Plaintiff argues that the Magistrate Judge erred in denying Plaintiff's motion to compel (ECF No. 159 at PageID.969).  Plaintiff disagrees with the Magistrate Judge's determination that additional time was not needed for discovery (*id.*)  Plaintiff contends that the denial of certain discovery documents creates the need (*id.*).  Plaintiff's objection relies on the fact that he ". . . submitted a 'Notice to Appeal the Magistrate Judge's Decision . . .'" (*id.*).  However, the Notice to Appeal was filed on November 27, 2019, after the Report and Recommendation's filing date of November 20, 2019.  Objection one is therefore denied.

*Objection Two.*  Plaintiff argues that the Magistrate Judge made a factual error when issuing the November 15, 2019 Order denying Plaintiff's motion for a failure to show that any evidence was "destroyed or altered" (Objs., ECF No. 159 at PageID.971-972; Order, ECF No. 154).  Plaintiff states that the Magistrate Judge incorrectly found that certain inmate information would have been on the second page of the screenshot from the Offender Tracking Information System (OTIS) website (ECF No. 159 at PageID.971-972).  Plaintiff alleges, without any supporting evidence, that Defendants tampered with the OTIS database (*id.* at PageID.972).  Plaintiff's argument identifies no error in the Magistrate Judge's conclusion that no evidence has

been presented to discredit Defendants (R&R, ECF No. 155 at PageID.930). Therefore, objection two is denied.

*Objection Three.* Plaintiff's third objection to the Report and Recommendation fails to include any developed argument (ECF No. 159 at PageID.972-973). Plaintiff instead provides details regarding his document discovery and requests the Court reconsider a previous issue within Plaintiff's March 2019 appeal (Pl. Obj., ECF No. 159 at PageID.972-973*; Appeal, ECF No. 61). This Court already reviewed this appeal and issued an Opinion and Order on April 12, 2019 (ECF No. 75). Plaintiff's "objection" three is denied.

*Objection Four.* Plaintiff argues that the Magistrate Judge erred by not concluding that "Defendants filed their Summary Judgment prematurely in terms of not providing Plaintiff with discovery material within the discovery phase" (ECF No. 159 at PageID.974). Plaintiff's argument represents a misunderstanding of the law. The Magistrate Judge correctly found that Defendants complied with the deadlines provided in the May 14, 2019 Order (ECF No. 100) and that those deadlines were unchanged (R&R, ECF No. 155 at PageID.931). Plaintiff also argues within his fourth objection that the lack of discovery creates the need for "a hearing on spoliation of evidence" (ECF No. 159 at PageID.974). However, the Magistrate Judge already decided Plaintiff's Motion for Hearing on Spoliation of Evidence (ECF No. 112) and denied such for the reasons stated in the November 15, 2019 Order (ECF No. 154 at PageID.912-915). Objection four is denied.

*Objection Five.* Plaintiff argues that the "Magistrate Judge erroneously found that Defendants adequately investigated this matter" and that ". . . the Court failed to acknowledge the deleted names from OTIS. . ." (ECF No. 159 at PageID.975). Plaintiff's objection presents unsupported allegations that Defendants did not perform an investigation. Because Plaintiff does not identify any error to be reviewed, objection five is denied.

*Objection Six.* Plaintiff argues that "[t]he Magistrate Judge was in err[or] not finding that there was a constitutional violation" (ECF No. 159 at PageID.976). As set forth by the Magistrate Judge, an Eighth Amendment failure-to-protect claim requires a plaintiff to prove that a defendant showed "'deliberate indifference' to inmate health or safety" (R&R, ECF No. 155 at PageID.932, citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Plaintiff asserts that Defendants knowingly wrote false misconduct reports with the purpose of sending him back to a prison where the serious threat existed (ECF No. 159 at PageID.976). However, Plaintiff fails to demonstrate how the Magistrate Judge erred in analyzing the facts supported by the record in this case. Objection six is denied.

*Objection Seven.* Plaintiff begins his seventh objection by rearguing his Eighth Amendment claim and spoliation of evidence issue (ECF No. 159 at PageID.977). These arguments were already addressed in objections six and four, respectively. To the extent Plaintiff also requests a "declaratory judgment … because LMF employees and the administration does [sic] not handle protection requests from African Americans appropriately" (*id.* at PageID.978), Plaintiff's request is misplaced as he concedes that he is personally no longer affected by the LMF staff, due to his transfer.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation (ECF No. 155) as the Opinion of this Court.

### II. Plaintiff's Appeal from Order (ECF No. 154)

Plaintiff appeals from the Magistrate Judge's November 15, 2019 Order (ECF No. 154), which denied seven motions filed by Plaintiff (ECF No. 156). In his appeal, Plaintiff specifically challenges the Magistrate Judge's resolution of six of the seven motions (ECF Nos. 112, 125, 126, 127, 134 & 144). This Court will reverse an order of a magistrate judge only where it is shown

that the decision is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* FED. R. CIV. P. 72(a); W.D. Mich. LCivR 72.3(a). "'A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *United States v. Mabry*, 518 F.3d 442, 449 (6th Cir. 2008) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

*Motion for Hearing on Spoliation of Evidence.* On June 10, 2019, Plaintiff filed a Motion for Hearing on Spoliation of Evidence (ECF No. 112). The Magistrate Judge denied the motion, determining it "was simply a clerical error not to include the second page of the OTIS screenshot" and that Plaintiff ". . . failed to show that any evidence was altered or destroyed" (ECF No. 154 at PageID.914). In Plaintiff's appeal from the Magistrate Judge's Order, Plaintiff argues that because the discrepancy between provided documents and a particular inmate's information was only located on one of two documents, the Magistrate Judge erred in his findings (ECF No. 156 at PageID.938-939; ECF No. 171). However, Plaintiff's mere conclusory statements that the discrepancies on the OTIS list indicate alteration by Defendants fails to demonstrate that the Magistrate Judge's order was either clearly erroneous or contrary to law.

*Motion to Amend Complaint.* On July 3, 2019, Plaintiff filed a motion to amend his Complaint (ECF No. 125). The Magistrate Judge denied the motion, determining that amending the Complaint would result in both (1) an undue delay and prejudice to Defendants and (2) futility (ECF No. 154 at PageID.916). In his appeal, Plaintiff argues that his need to exhaust administrative remedies before filing a federal claim supersedes the requirement of the Court to manage undue delays (ECF No. 156 at PageID.940). Plaintiff's argument lacks merit. The Magistrate Judge correctly applied the law in *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995), stating that "[t]he court may deny leave to amend a complaint when the amendment . . . will result

in undue delay or prejudice to the opposing party…" (ECF No. 154 at PageID.915-916).  Plaintiff also disagrees that the amendment would be futile (ECF No. 156 at PageID.942).  However, Plaintiff fails to demonstrate that the bases for the Magistrate Judge's decision are either clearly erroneous or contrary to law.

*Motion to Appoint Counsel.*  On July 3, 2019, Plaintiff filed his fifth motion to appoint counsel (ECF No. 126).  The Magistrate Judge denied the motion, determining Plaintiff's ". . . reasons do not rise to the level of exceptional circumstances warranting the appointment of counsel as described in *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993)" (ECF No. 154 at PageID.923).  In his appeal from the Magistrate Judge's Order, Plaintiff opines that the unavailability of requested documents is an exceptional circumstance (ECF No. 156 at PageID.949).  Plaintiff's argument again demonstrates merely his disagreement with the Magistrate Judge's resolution of his motion.  Plaintiff's argument does not demonstrate that the Magistrate Judge's decision is either clearly erroneous or contrary to law.

*Motion to Compel Production.*  On July 3, 2019, Plaintiff filed a Motion to Compel Production of Electronically Stored Information and Answer Interrogatories (ECF No. 127).  The Magistrate Judge's Order denied the motion in its entirety (ECF No. 154 at PageID.922).  In Plaintiff's appeal from the Magistrate Judge's Order, Plaintiff makes seven arguments in support of his position that the denial of the motion was clearly erroneous (ECF No. 156 at PageID.942).

First, Plaintiff argues that the Magistrate Judge erred in finding Plaintiff did not meet the production requirements of Federal Rule of Civil Procedure 34 (ECF No. 156 at PageID.943).  The Magistrate Judge pointed out that the Local Rules required Plaintiff to include Defendants' responses and/or objections with his discovery motion and that Plaintiff failed to do so here (ECF No. 154 at PageID.919; W.D. Mich. LCivR 7.1(b)).  Plaintiff asserts that no responses and/or

objections were received that could be produced (ECF No. 156 at PageID.943), but Plaintiff does not otherwise identify a factual error by the Magistrate Judge.

Second, Plaintiff expresses his opinion regarding the exhibits and his stance towards Defendants (*id.*). Plaintiff does not identify any error by the Magistrate Judge.

Third, Plaintiff argues that the "Magistrate Judge erred by failing to identify Mr. Tippins['s] request for production of the Critical Incident Report . . ." (*id.*). The Magistrate Judge pointed out that a remedy for a production request is only available if a plaintiff names the MDOC as a party in the suit and a causal connection is demonstrated between the MDOC's policy and the constitutional deprivation (ECF No. 154 at PageID.921). Court filings show that the MDOC is not a party in this suit, and Plaintiff concedes that his "complaint does not allege (in words) [that] the constitutional deprivations were the result of a policy or custom of the MDOC" (ECF No. 156 at PageID.944). Plaintiff identifies no factual or legal error by the Magistrate Judge.

Fourth, Plaintiff opines that "Mr. Tippins can not [sic] afford the cost and fees associated with the subpoena" and asserts why the subpoena would be valuable (ECF No. 156 at PageID.945). Plaintiff does not identify any error by the Magistrate Judge.

Fifth, Plaintiff requests that the Court reconsider its decision to appoint a third-party expert (ECF No. 156 at PageID.945-946). The Magistrate Judge found that Plaintiff failed to show why the Court should reconsider its previous ruling (ECF No. 154 at PageID.921). While Plaintiff disagrees with the Magistrate Judge's decision, he again fails to demonstrate that the decision was either clearly erroneous or contrary to law.

Sixth, Plaintiff sets forth an explanation about why he was unable to follow the Local Rules (ECF No. 156 at PageID.948). The Magistrate Judge concluded that Plaintiff ". . . did not comply with the Local Rules because Plaintiff did not include Defendants' responses or objections to the discovery requests" (ECF No. 154 at PageID.922). In his appeal from the Magistrate Judge's

Order, Plaintiff states ". . .he was unable to provide the Court the verbatim language of the request because he was unable to find it and he was back and forth going to court" (ECF No. 156 at PageID.948). Plaintiff does not identify any error by the Magistrate Judge, but merely explains the reason for his lack of compliance.

Seventh, Plaintiff argues that there is an unutilized interrogatory granted by the court (*id.* at PageID.949). Plaintiff explains that he never submitted "interrogatory #4" from his first set, and asserts that he should be allowed to utilize it as a remaining interrogatory to compel Defendants to respond to a supplemental interrogatory (*id.*). However, the Magistrate Judge found that "Tippins has exceeded the number of interrogatories by submitting interrogatories with multiple subparts" (ECF No. 154 at PageID.922). Plaintiff identifies no clear error by the Magistrate Judge.

*Motion to File Charges.* On August 1, 2019, Plaintiff submitted a Motion to File Federal Criminal Charges on a MDOC employee (ECF No. 134). The Magistrate Judge denied the motion, determining that the Court did not have the authority to initiate criminal charges over an unnamed defendant (ECF No. 154 at PageID.923). In his appeal from the Magistrate Judge's Order, Plaintiff argues that the Court does have jurisdiction, due to a separate pending case in the court system (ECF No. 156 at PageID.950). Plaintiff's appeal does not demonstrate any legal error in the Magistrate Judge's jurisdictional analysis.

*Motion for Order to Show Cause.* On August 21, 2019, Plaintiff filed a motion for order to show cause (ECF No. 144). The Magistrate Judge denied the motion, determining the motion was without merit (ECF No. 154 at PageID.924). In his appeal from the Magistrate Judge's Order, Plaintiff argues that the motion has merit because "the Magistrate Judge arrived at erroneous findings and [the] decision was contrary to the law regarding Plaintiff's Motion of Hearing on Spoliation of Evidence and Motion to Compel" (ECF No. 156 at PageID.951). For the reasons

previously stated, Plaintiff has not demonstrated that the Magistrate Judge's Orders are either clearly erroneous or contrary to law. Accordingly, Plaintiff concomitantly fails to demonstrate any error in the Magistrate Judge's analysis of Plaintiff's show-cause motion.

In sum, Plaintiff's appeal from the Magistrate Judge's November 15, 2019 Order (ECF No. 154) is properly denied.

### III. Conclusion

Because this Order and Opinion resolves all pending claims, a Judgment will also be entered. *See* FED. R. CIV. P. 58. The Court declines to certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of the Judgment would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007). Therefore:

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Supplement the June 2019 Objection (ECF No. 117) is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Supplement the November 2019 Appeal (ECF No. 171) is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff's Objections (ECF Nos. 109 & 117) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 108) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Motion Seeking Temporary Restraining Order (ECF Nos. 77, 78 & 83) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's Objections (ECF No. 159) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 155) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 140) is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Additional Discovery (ECF No. 142) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Declaratory Judgment (ECF No. 150) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's Appeal (ECF Nos. 154 & 171) from the Magistrate Judge's Order (ECF No. 156) is DENIED.

Dated: February 10, 2020                           /s/ Janet T. Neff
                                                   JANET T. NEFF
                                                   United States District Judge